UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80429-CIV-MIDDLEBROOKS/JOHNSON

SUNTRUST BANK,

       Plaintiff,

v.

JOEL RAMSDEN,

       Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff Suntrust Bank's ("Plaintiff" or "Suntrust") Motion for Final Default Judgment ("Motion") (DE 14). I have reviewed the record in this matter and am advised in the premises. For the foregoing reasons, Plaintiff's Motion shall be GRANTED.

### I.    BACKGROUND

Plaintiff commenced this action against Defendant Joel Ramsden ("Defendant" or "Ramsden") on April 21, 2011 to recover unpaid principal and interest on an Instrument signed by Plaintiff, in the principal amount of $200,000, regarding real property. (DE 1 at 2). Defendant was served with the Summons and Complaint on May 12, 2011. (DE 8). His Answer was due by no later than June 2, 2011. (*Id.*). He never responded.

On June 6, 2011, upon application by the Plaintiff, the Clerk of Court entered a clerk's default against Defendant for failure to answer or otherwise plead to the Summons and Complaint. (DE 12). Pursuant to FED. R. CIV. P. 55(b)(2), Plaintiff moved for an order of final default judgment

shortly thereafter. (DE 14). In its Motion, Plaintiff seeks judgment on the Instrument signed by

Defendant on May 31, 2006 for the outstanding balance of $195,802.03. (DE 1-1).

In order to give Defendant every opportunity to make an appearance in this case before the

issuance of a Final Judgment, on October 5, 2011 this Court issued an Order to Show Cause (DE 15)

why Plaintiff's Motion for Final Default Judgment should not be granted. Defendant was notified

that he had until October 24, 2011 to show good cause for his prior failures to formally respond.

(*Id.*). That date has now long lapsed, and Defendant has yet to lodge any appearance whatsoever in

this matter.


## II.    LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead

or otherwise defend as provided by [the Federal Rules of Civil Procedure] and that fact is made to

appear by affidavit or otherwise, the clerk shall enter the party's default." FED. R. CIV. P. 55(a). The

effect of a clerk's default is that all of Plaintiff's well-pleaded allegations are deemed admitted. *See*

*Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Petmed Express, Inc. v. Medpots.com*,

336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). If the admitted facts are sufficient to establish liability,

then the Court must ascertain the appropriate amount of damages and enter final judgment in that

amount. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Where all the essential evidence to determine damages is on the paper record, an evidentiary hearing

on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule

55(b)(2) speaks of evidentiary hearings in a permissive tone. . . . We have held that no such hearing

is required where all essential evidence is already of record.") (citations omitted).

## III.   ANALYSIS

Having carefully reviewed the record in this matter, including the pleadings submitted by Plaintiff and the Clerk's Default, and being otherwise advised in the premises, I conclude that Defendant Joel Ramsden is liable to Suntrust for failure to make scheduled installment payments. No evidentiary hearing shall be necessary to determine the appropriate amount of damages as Plaintiff's damages are readily ascertainable from its documentary submissions.

## IV.   CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** Plaintiff's Motion for Default Judgment (DE 14) is **GRANTED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this ___7___ day of November, 2011.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record;
       Joel Ramsden, *pro se*